OPINION of the Court, by
Judge Owsley.
The appellants Raving brought an action of ejectment in the Jessamine court, upon the motion of Lewis Craig, he tvas admitted defendant, and at a subsequent term confessed judgment, and a writ of habere facias póssessio-neni was awarded against him. The appellee Jenkinsj also during the pendency of the ejectment, was admitted á defendant, and subsequent to the judgment being awarded against Craig, he agreed that judgment should be entered against him ; and accordingly judgment was awarded in favor of the appellant John Lowry, against the appellee. At a subsequent term, on the motion of the appellants, commissioners were appointed to ascertain the improvements, rents, &c. according to the provisions ol the act concerning occupying claimants of land ; arid the commissioners having reported a balance of 23!. 9s. 6d. in favor of the appellee, judgment was entered in his favor for that sum.
Several years after, judgments were entered in the ejectment against Craig and Jenkins ; without a reviVal being had against Jenkins, the appellants caused a habere facias possessionem to issue against both Craig and jt nkins, which was executed by the sheriff delivering possession of the land recovered to the appellants. After which the appellee, on the 29th October 181 1, caused a notice to be given the appellant, that he would on the next day move the court of Jessamine to set aside the report of the commissioners, quash the writ of habere facias possessionem, and to award him restitution, &c. On the motion being brought on,-the appellants appeared by their attorney and moved for a continuance, which was overruled, and the court ordered the order oppointing commissioners to be set aside, the writ of execution to be quashed, and restitution to be madeuaf the land : from which the appellants have ap|5fealedrr
The first inquiry presented for consideration, is, as to the sufficiency of the notice. It is^dyected that it is insufficient, because it was given by one^of ->tlj&«, defendants in the execution, and that it was unreasonably *315 short. Whether in ordinary cases a notice given by p.ne to quash an execution which issues against two or more, would be sufficient, we think unhecessary to determine ; because even if such a rule in ordinary cases should prevail, the circumstances of this case will not justify its application. Craig and Jenkins did not make a joint defence in the ejectment. Separate judgments were awarded against them for different parcels oÍTand And it is conceived the appellants, by joining them in •one execution, could not prevent either from availing himself of any legal objection or defence which he otherwise would have been entitled to.
JBdg<*ientfet-commiifioners, and iua*>ng.an not be joined in an “PP'»1*
What length of notice should be given in cases of this description, must depend on the circumstances of each particular case. And although in the present case the notice was very short, when it is considered that the grounds upon which the motion was founded, depended on matter of record, and that those facts which the appellants desired time to prove, were admited by the appellee ; we cannot say the notice was so unreasonable as to justify a reversal of the judgment of the court below for that cause. We think the notice, therefore, substantially good, and that the court decided correctly in sustaining the motion to quash.
That the habere facias possessionem, issued improperly and irregularly there can be no doubt. It should have issued against Craig only, and not against Craig and Jenkins.
The judgment against Jenkins having been awarded for more than one year prior to the date of the writ, •could not justify an execution, unless previously revived by scire facias ; and there having been no revival inthia case against the appellee, the execution was evidently erroneous, and the court consequently decided correctly in sustaining the motion and quashing the execution. If, then, the court decided correctly in quashing the execution, it necessarily results that their decision awarding a restitution is also correct: for it is. clear where ever a writ of habere facias possesionem, which has been executed by giving possesion, is avoided by the judgment of a court, a writ of restitution should be awarded. ’
It is assigned for error that the court erred in setting .aside the order appointing commissioners. We think. *316 this objection cannot avail, because if the court erred- ⅛ setting aside the order, the! appellants have no right to complain. Judgment had been awarded the appellee for the balance reported by the commissioners in his favor. The order of the court in setting aside the order by which the commissioners were appointed, did not affect the judgment on the report. It can have no possible effect against the appellants. But were the order erroneous and prejudicial to the appellants, it is conceived it should not be regarded in this appeal. The judgment setting aside the order, relates to an entire and distinct subject from that of the quashing the execution, &c. Thejudgment in relation to the hitter, forms the proper subject of an appeal, but that in relation to the former could only justify a writ of error. If, therefore, the judgment of the court in setting aside the order would of itself not justify an appeal, it is conceived it being pronounced at the same time that judgment quashing the execution was' awarded, cannot au-thorise an inquiry into its correctness upon an appeal. Upon the whole we think the judgment quashing the execution and awarding restitution is correct and must be affirmed with costs.