# Berry *vs* Rogers.

*Case* 103.

ERROR TO THE BATH CIRCUIT.

*Jurisdiction. Lunacy. Parties in chancery.*

*April* 30.

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The case stated.

This is a bill in chancery, filed against the committee of a lunatic, for a decree upon a covenant dated before the occurrence of the lunacy, for paying all damages that had resulted from the shooting of a slave of the complainant's intestate.

The Circuit Court sustained a demurrer to the bill and thereupon dismissed it absolutely.

*In suits in equity, affecting the rights of lunatics, they are not always indispensable parties, though they may be proper defendants.*

Had the omission to make the lunatic a co-party with his committee, been the only objection to the bill, we should not doubt that the decree was erroneous; because, 1st, in a suit in equity, *in personam*, the lunatic should not be deemed an indispensable, though he may be a proper defendant: *Executors of Brashear* vs *Van Courtland*, (2 *Johnson's Chy. Repts.* 245.) And, 2ndly, if the luna-

*In such case, where the lunatic is a necessary party on demurrer sustained, leave should be given to amend and not dismiss absolutely.*

tic be, in such a case, a necessary party, the Circuit Judge ought to have given leave to amend after hearing the demurrer, and it was also erroneous to dismiss the bill absolutely for want of parties: 8 *Vezy,* 398; 11 *Ib.* 72; 3 *Cranch*, 220; 3 *Bibb*, 314.

But there is, we apprehend, a more radical objection to the bill—an action in a court of common law was the only appropriate remedy.

*Courts of Chancery in Ky. have no authority to decree a sale of any portion of the estate of a lunatic to pay his debts, and the committee of lunatics have no interest in their property, they are merely curators.*

The committee has no interest in the property of the lunatic, he is *curator* merely. And although, under the statutory law of this State, a court of equity is charged with a supervision and ultimate control of the estates of lunatics, in the custody of their committees, so far as may become necessary for maintenance, still our local law vests in a Chancellor no authority to direct the sale of any portion of such estate for payment of the lunatic's debts.

*The Chancellor's power in N. Y.*

A statute of New York empowered the Chancellor to order a sale of the lunatic's estate for paying his debts;

and moreover, provided that it should not be alienated otherwise than by the Chancellor's order or permission. *Chancellor Kent*, therefore, decided that, in that State, the estate of a lunatic, in his committees hands, was placed by law under the power of the Chancellor, in trust for his creditors, as well as for maintenance; and that, as it could be alienated *only* with the consent of the Chancellor, a creditor's remedy for his debt was in equity and exclusively there: *Brashear* vs *Cortlandt*, (2 *Johnson's Chy. Repts*. 401.)

BERRY
*vs*
ROGERS.

Until the 43d year of *George III*. the *Chancellor* of *England*, even in his prerogative capacity, had no authority to direct the sale of a lunatic's estate for the payment of his debts; and even since the enactment of a statute, in that year, giving such power to the *Chancellor*, he would not take cognizance of a bill to establish the indebtedness when it was a question of controversy, or even reasonable doubt, but always deferred the decision to a common law tribunal in every case in which the appropriate remedy would have been in such Court had there been no lunacy: *Ex parte M'Dougal*, (12 *Vezey*, 384.

*And in England, since the 43d year of George III.*

And it is undeniable that, according to the common law, equity has no jurisdiction to assess damages for a breach of covenant or for a tort, or even to establish a controverted debt, merely because one of the parties had become a lunatic.

*By the common law the Chancellor had no jurisdiction to assess damages for a breach of covenant, or for a tort, or even to establish a controverted debt, where a lunatic is a party, and so the law remains in Ky.*

The law here, as to remedies against *lunatics*, is just what it was in England prior to the 43d year of *George III*. And, according to that law, *lunacy* did not affect the *remedial* jurisdiction of Courts: *Shelford on Lunatics, passim*.

As our *Legislature* has not seen fit to change that law, we, whose power is only administrative and expository, must decide that, in this case and in all such cases, a court of equity has no jurisdiction, however eligible or useful such a jurisdiction might be deemed to be.

Consequently, the decree of the Circuit Court is affirmed.

*Apperson* for plaintiff; *Morehead & Reed* for defendant.