HENRY WITTE, PLAINTIFF IN ERROR, v. HUMPHREY D. GILBERT, DEFENDANT IN ERROR.

1. **Practice in Supreme Court.** A judgment was rendered in the district court on the second of June, 1879, and a transcript thereof and petition in error filed in the supreme court on the twenty-second day of June, 1880. To an answer of the statute of limitations, the plaintiff in error filed a reply alleging that he was of "unsound mind" for the space of two months or more after the rendition of the judgment. *Held*, That the testimony failed to establish the plea.

2. **Construction of Statutes.** The words "unsound mind" are used in the statute in the same sense as the word "insane."

ERROR to the district court of Lancaster county.

*J. H. Foxworthy, A. J. Sawyer*, and *T. M. Marquett*, for plaintiff in error.

*Brown & Marshall*, for defendant in error.

MAXWELL, CH. J.

To the petition in error in this case the defendant filed an answer setting up the statute of limitations. To this answer the plaintiff filed a reply containing, *first*, a general denial; *second*, stating that "said plaintiff in error admits that judgment was rendered in the court below on June 2, 1879, and that the transcript was filed in this court and summons in error issued on the twenty second day of June, 1880, a few days more than a year from the date thereof, yet plaintiff in error says that he should not be barred from bringing this action into this court at this time, for the reason that since the second day of June, 1880, the said plaintiff in error has been under legal disability, in this: That on or about the second day of June, 1879, and for at least two months or more thereafter, he was in a state of 'dementia,' of unsound mind, and laboring under a state of mental aberration. And said plaintiff in error submits to this court that the limitation did not run in this action for the space of two months or more since the rendition of said judgment in said court below." A reference was ordered to take the testimony offered by the parties, and a large amount of testimony taken, which is now submitted to the court. The act "to amend section one of an act entitled 'An act to amend section five hundred and ninety of the code of civil procedure,'" approved February 15th, 1877, provides that "no proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making the final order complained of, or in case the person entitled to such proceedings be an infant, a person of unsound mind, or imprisoned, within one year as aforesaid exclusive of the time of such disability," etc. [Laws 1877, 14.] The words

"unsound mind" are sometimes used indiscriminately to signify lunacy, which is periodical madness, but also adventitious insanity as distinguished from idiocy. 2 Bouvier's Law Dict., 627, and cases cited. The words are used in the statute in the same sense as insane. Being *non compos*—of unsound mind, are certain terms in the law, and import a total deprivation of sense. *Ex parte Barnsly*, 3 Atk., 168. *Mulloy v. Ingalls*, 4 Neb., 115. But mere imbecility or weakness of mind, however great, is not insanity. There must be a total want of understanding. *Id.* In the case at bar, the testimony entirely fails to establish the insanity of the plaintiff in error at the time stated, or at any time. The statute of limitations, therefore, is well pleaded and fully sustained by the proof. It follows that the action must be dismissed for want of jurisdiction.

JUDGMENT ACCORDINGLY.