THOMAS HAWE, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

**Criminal Law:** INSTRUCTION TO JURY. An instruction in a trial for malicious shooting, that "the law requires something more than occasional oddity or hypochondria to exempt the perpetrator of an offense from its punishment," is not erroneous.

ERROR to the district court for Colfax county. Tried below before POST, J.

*Phelps & Thomas*, for plaintiff in error, cited *Stevens v. The State*, 9 Am. Law Reg., 530, and note. *Scott v. Commonwealth*, 4 Met., 227. *Commonwealth v. Mosler*, 4 Barr., 267.

*C. J. Dilworth*, Attorney General, for the State, cited 17 Ala., 436. 24 Cal., 230. 57 Mo., 574. 6 McLean, 121. 1 Clifford, 117. 18 N. Y., 252. 21 Cal., 544. 9 Neb., 252.

MAXWELL, CH. J.

The plaintiff was convicted at the November, 1880, term of the district court of Colfax county of maliciously shooting one August Hirn, and was sentenced

to imprisonment in the penitentiary for five years. He now prosecutes a writ of error to this court.

The only error relied upon is the following instruction, given on behalf of the state.   "The law requires something more than occasional oddity or hypochondria to exempt the perpetrator of an offense from its punishment.   If the defendant was in possession of reason, thought, intent, a faculty to distinguish the nature of actions, to discern the difference between moral good and evil, then the fact of the offense and the condition of mind above described, proved beyond a reasonable doubt, your verdict should be guilty."

The court, prior to giving the above, had instructed the jury fully upon all the questions raised by the indictment, and also upon the question of insanity, and the instructions so given are certainly favorable to the accused.   The instruction complained of in effect says to the jury that mere oddity or hypochondria is not insanity, and if the accused at the time of committing the offense was in possession of reason, and was able to discern right from wrong, he would be responsible for his actions.

Webster defines the word "insane," as "exhibiting unsoundness of mind; mad; deranged in mind; delirious; distracted."

The question here involved was before this court in *Wright v. The People*, 4 Neb., 409.   The court say: "It is a familiar rule of the common law that to constitute a crime there must, in almost all cases, be, first, a vicious will, and secondly, an unlawful act consequent upon such vicious will.   Broom & Hadley's Coms. (Am. Ed.), 339.   And where an individual lacks the mental capacity to distinguish right from wrong, in reference to the particular act complained of, the law will not hold him responsible.   *Flanagan v. The People*, 52 N. Y., 467.   11 Am. Rep., 731.   *State v. Lawrence,*

57 Mo., 574. *Com. v. Heath*, 11 Gray, 303. This mental incapacity may result from various causes, such as nonage, lunacy, or idiocy, and whenever interposed as a defense, the inquiry is necessarily reduced to the single question of the ability of the accused to distinguish between right and wrong at the time of committing the act complained of. *Freeman v. The People*, 4 Denio, 28. But even where insanity is shown to exist, and whether it be general or partial, the rule seems to be substantially as charged by the court below, that if there remains a degree of reason sufficient to discern the difference between good and evil, at the time the offense was committed, then the accused is responsible for his acts. *Hopps v. The People*, 31 Ill., 385."

We adhere to the rule laid down in the above opinion as being sound in principle. There is therefore no error in the instruction, and the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.