Smith v. Bayright.

JOSEPH S. SMITH

v.

FRANCES E. BAYRIGHT et al.

A non-resident monomaniac was made a party to proceedings in partition. She had never been declared a lunatic, and a guardian *ad litem* was appointed to protect her interests in the suit. The premises were sold, and her share of the proceeds paid into court in 1871. From 1871 to 1878 she was confined in an insane asylum in Pennsylvania, but from 1878 until her death in 1880, she lived at her own home in that state. She frequently declared her intention of obtaining the money paid into court as her share, but died without having done so.—*Held*, that the fund, including the accrued interest, was personalty, and payable to her administrator.

In partition. On petition of Israel H. Johnson, administrator of Sarah M. Livesey, for the payment to the persons entitled thereto, of the money deposited in court as her share of the property sold in partition.

*Mr. S. M. Dickinson,* for petitioner.

NOTE.—Courts may authorize a change of a lunatic's lands into personal property, or *vice versa, Salisbury's Case, 3 Johns. Ch. 347 ; Ex parte Bromfield, 1 Ves. 453, 3 Bro. C. C. 510 ; Sergeson v. Sealey, 2 Atk. 414 ; Price v. Trigg, 10 Leigh 406 ; Rogers v. Clark, 5 Sneed 665 ; Phillips's Case, 19 Ves. 123 ; Dyer v. Dyer, 34 Beav. 504 ; Livingston's Case, 9 Paige 440 ; Paul v. York, 1 Tenn. Ch. 547 ; Singleton v. Love, 1 Head 357.* See *Starkweather v. Am. Bible Soc., 72 Ill. 50 ; May v. May, 109 Mass. 252, 256.*

The proceeds of a lunatic's lands, sold under the direction of a court, are personalty, *Oxenden v. Compton, 2 Ves. 69, 4 Bro. C. C. 231, 5 Russ. 152 ; Batteste v. Maunsell, L. R. (10 Irish Eq.) 97, 314 ; Emerson v. Cutter, 14 Pick. 108.* See *Smith's Case, L. R. (10 Ch. App.) 79 ; Jones v. Green, L. R. (5 Eq.) 555 ; Berry v. Rogers, 2 B. Mon. 308 ; Collins v. Champ, 15 B. Mon. 118 ; Salter v. Salter, 6 Bush 624 ; Armstrong v. Miller, 6 Ohio 59.*

The proceeds of an infant's or lunatic's lands sold by virtue of a private act of the legislature, are real estate, *Snowhill v. Snowhill, 3 Gr. Ch. 20, 3 C. E. Gr. 350 ; Tilghman's Case, 5 Whart. 44 ; Carr v. Ellison, 2 Bro. C. C. 56 ; Thomas v. Pullis, 56 Mo. 211 ; Campbell v. Campbell, 19 Grant's Ch. 254 ; Holland v. Adams, 3 Gray 188.* See *Cadman v. Cadman, L. R. (13 Eq.) 470.*

Smith *v.* Bayright.

THE CHANCELLOR.

The question presented for decision is whether certain money, which was paid into this court in 1871 as the share of Sarah M. Livesey, now deceased (then, and up to the time of her death, a resident of the state of Pennsylvania), of the proceeds of the sale of land in this state, in partition, goes to her next of kin, or to her heirs-at-law. The master has reported that the interest of the money should be paid to her administrator, and the principal to her heirs-at-law *ex parte materna*, the property having been derived by her by descent from that side. She was, with her husband, a party defendant to the suit for partition, but was proceeded against therein as a person of unsound mind who had

---

The proceeds of an infant's land sold in partition are personalty, *McCune's Appeal, 65 Pa. St. 450; Davison v. De Freest, 3 Sandf. Ch. 456; Foreman v. Foreman, 7 Barb. 215; Pennell's Appeal, 20 Pa. St. 515; Scull v. Jernigan, 2 Dev. & Bat. Eq. 144; Large's Appeal, 54 Pa. St. 383; Steed v. Preece, L. R. (18 Eq.) 192; Arnold v. Dixon, L. R. (19 Eq.) 113;* but see *Horton v. McCoy, 47 N. Y. 21; Shaffner v. Briggs, 36 Ind. 55; Hamer v. Bethca, 11 S. C. 416; Allison v Robinson, 78 N. C. 222; Dudley v. Winfield, Busb. Eq. 91.* See also *Wilson v. Duncan, 44 Miss. 642; Bateman v. Latham, 3 Jones Eq. 35; Shivers v. Latimer, 20 Ga. 737;* or a *feme covert's* lands, *Biggert v. Biggert, 7 Watts 563; Kneeland v. Ensley, Meigs 620; Jones v. Walkup, 5 Sneed 135; Moore's Case, 3 Head 171; Biggert's Estate, 20 Pa. St. 17; Mobley's Case, 2 Rich. Eq. 56; Vensel's Appeal, 77 Pa. St. 71; Hay's Appeal, 52 Pa. St. 449; Hammond v. Stier, 2 G. & J. 81; State v. Krebs, 6 H. & J. 31; Jones v. Plummer, 20 Md. 416; Hall v. Short, 81 N. C. 273.* See *Mildmaye v. Quick, L. R. (6 Ch. Div.) 553; 2 Story's Eq. Jur. §§ 1212–1214.*

Surplus money arising from lands sold to pay a decedent's debts is land, *Hoey v. Kinney, 10 Abb. Pr. 400; Griswold v. Frink, 22 Ohio St. 79; Fidler v. Higgins, 6 C. E. Gr. 138; Jenny v. Preston, 13 Sim. 356; Oberle v. Lerch, 3 C. E. Gr. 346, 575; Betts v. Wirt, 3 Md. Ch. 113; March v. Berrier, 6 Ired. Eq. 524; Cooke v. Dealey, 22 Beav. 196; Walker v. Bradbury, 15 Me. 207; Read v. Bostick, 6 Humph. 321;* but see *Grider v. McClay, 11 Serg. & R. 224; Turnbull v. Turnbull, MS. 19 Grant's Ch. 258; Graham v. Dickinson, 3 Barb. Ch. 169; Vincent v. Platt, 5 Harring. 164; Overdeer v. Updegraff, 69 Pa. St. 110; Cronise v. Hardt, 47 Md. 433; Pence v. Pence, 11 Ohio St. 290.*

The surplus arising from a sale of lands to satisfy a decedent's mortgage is land, *Dunning v. Ocean Nat. Bank, 61 N. Y. 497; Weld v. Tew, Beatt. 266; Leeming's Case, 3 De G. F. & J. 43; Cox v. McBurney, 2 Sandf. 561; Sweezy v. Thayer, 1 Duer 286; Morris v. Murgatroyd, 1 Johns. Ch. 130; Jones v. Lackland, 2 Gratt. 81; Bourne v. Bourne, 2 Hare 35; Shaw v. Hoadley, 8 Blackf. 165.* Unless otherwise specified in the mortgage itself, *Varnum v. Meserve, 8*

Smith v. Bayright.

not been so declared on commission, and therefore a guardian *ad litem* was appointed for her. Soon after the money was paid into court, her attorney in fact applied at the clerk's office, at her special request, for the money, but payment was refused. She was a monomaniac, and it is testified that on all other subjects except one, galvanism, she was of perfectly sound mind, and that her monomania was paroxysmal. She was never the subject of a commission of lunacy, although she appears to have had quite a large amount of property. In 1871, she was in an asylum for the insane, but from 1878 to the time of her death, which occurred in 1880, she lived in her own house. She survived her husband. It is proved that, after she left the hos-

---

*Allen 160 ; Freeman* v. *Ellis, 1 H. & M. 758.* See *Wright* v. *Rose, 1 Sim. & Stu. 323 ; Bogert* v. *Furman, 10 Paige 496 ; Sweezey* v. *Willis, 1 Bradf. 495 ; Graham* v. *Dickinson, 3 Barb. Ch. 180 ; Smith* v. *Smith, 13 Mich. 258 ; Ragland* v. *Justices, 10 Ga. 65.*

The proceeds of lands condemned under eminent domain proceedings are land, *Cramer's Case, 1 Sm. & Giff. 32 ; Harrop's Case, 3 Drew. 726 ; Horner's Estate, 5 De G. & Sm. 483 ; Ballou* v. *Ballou, 78 N. Y. 325 ; Platt* v. *Bright, 4 Stew. Eq 84, note ; Simonds* v. *Simonds, 112 Mass. 157.* See *Midland Counties R. R.* v. *Oswin, 1 Coll. 74 ; Hawkins's Case, 13 Sim. 569 ; Handy's Case, 30 Beav. 206 ; Emerson* v. *Cutter, 14 Pick. 108.*

The court may elect for a lunatic. *Marriott's Case, 2 Moll. 516 ; Parsons* v. *Kinzer, 3 Lea 342 ; Kennedy* v. *Johnston, 65 Pa. St. 451.* See *Lewis* v. *Lewis, 7 Ired. 72 ; Haggard* v. *Benson, 3 Tenn. Ch. 268 ; Robertson* v. *Stevens, 1 Ired. Eq. 247 ; Ashby* v. *Palmer, 1 Meriv. 286 ; Seely* v. *Jago, 1 P. Wms. 389 ; Turner* v. *Street, 2 Rand. 404 ; Pratt* v. *Talliaferro, 3 Leigh 419 ; Curd* v. *Bonner, 4 Coldw. 632 ; Taylor* v. *Taylor, 10 Hare 475 ; 2 Scrib. on Dower 471 ; Addison* v. *Bowie, 2 Bland 606 ; McQueen* v. *McQueen, 2 Jones Eq. 16 ; Weeks* v. *Weeks, 77 N. C. 421 ; Paddock* v. *Shields, 57 Miss. 340 ; McElwain's Case, 29 Ill. 442 ; Brown* v. *Brown, L. R. (2 Eq.) 481.*

Proceedings in partition where one tenant in common is a lunatic, *Moorehead* v. *Moorehead, L. R. (2 Irish Eq.) 492 ; Halfhide* v. *Robinson, L. R. (9 Ch. App.) 373 ; Bloomar's Case, 2 De G. F. & J. 154 ; Underhill* v. *Jackson, 1 Barb. Ch. 73 ; Gorham* v. *Gorham, 3 Barb. Ch. 24.*

How far chancery will protect the property of a non-resident lunatic, *Armandale's Case, Amb. 81 ; Garnier's Case, L. R. (13 Eq.) 532 ; Miller* v. *Birdsong, 7 Baxt 531 ; Hurtland* v. *Atcherly, 7 Beav. 53 ; Hardin* v. *Smith, 7 B. Mon. 393 ; Ganse's Case, 9 Paige 416 ; Taylor's Case, Id. 611 ; Allison* v. *Campbell, 1 Dev. & Bat. Eq. 152 ; Colah's Case, 6 Daly 308 ; Wing* v. *Dodge, 80 Ill. 564 ; Clanton* v. *Wright, 2 Tenn. Ch. 342 ; Stark's Case, 2 Macn. & G. 174 ; Campbell's Case, 2 Bland 209 ; Sturges* v. *Longworth, 1 Ohio St. 544 ; Driskell* v. *Hanks, 18 B. Mon. 855.* See *Bradford* v. *Abend, 89 Ill. 78.*

Smith v. Bayright.

pital, she expressed a desire to come to Trenton to get the money, and made arrangements for the purpose just before her death.

The general rule is, that property is transmitted as real or personal, according to the form in which it exists at the time of the death of the owner. In certain cases, property actually existing in one form is, in equity, for the purpose of transmission, held to be in the other ; but where the ownership in the property after conversion is or becomes vested in a person having the right to convert it from the one kind to the other, or in one having legal capacity to accept it, who does accept it, or does something to recognize it, or give it character in the shape in

A monomaniac may be a witness, *Coleman* v. *Com., 25 Gratt. 865 ; Spittle v. Walton, L. R. (11 Eq.) 420 ; Sarbach* v. *Jones, 20 Kan. 497 ; Formby* v. *Wood, 19 Ga. 581 ; 1 Whart. Evid. §§ 402, 403.* See *Armstrong* v. *Timmons, 3 Harring. 342.*

How far monomania on another matter affects a contract, *Boyce* v. *Smith, 9 Gratt. 704 ; Lemon* v. *Jenkins, 48 Ga. 313 ; Creagh* v. *Blood, 8 Irish Eq. 434 ; Baker* v. *Cartwright, 10 C. B. (N. S.) 124 ; Ferguson* v. *Borrett, 1 F. & F. 613 ; McDonald* v. *McDonald, 16 Grant's Ch. 37 ; Young* v. *Young, 10 Id. 365 ; Alston* v. *Boyd, 6 Humph. 504 ; Gillespie* v. *Shuliberrier, 5 Jones 157 ; Jacox* v. *Jacox, 40 Mich. 473 ; Searle* v. *Galbraith, 73 Ill. 269 ; Carpenter* v. *Carpenter, 8 Bush 283 ; Hall* v. *Unger, 2 Abb. ( U. S.) 507 ; Staples* v. *Wellington, 58 Me. 453 ; Burgess* v. *Pollock, 53 Iowa 273 ; Wiser* v. *Lockwood, 42 Vt. 720 ; Crouse* v. *Holman, 19 Ind. 30 ; Dennett* v. *Dennett, 44 N. H. 531 ; Titcomb* v. *Vantyle, 84 Ill. 371 ;* or a tort, *Horner* v. *Marshall, 5 Munf. 460 ; Dickinson* v. *Barber, 9 Mass. 218 ; Yeates* v. *Reed, 4 Blackf. 463.* See *People* v. *Francis, 38 Cal. 183 ; Roberts* v. *State, 3 Ga. 310 ; Kelly's Case, 3 Sm. & Marsh. 518 ;* or prevents the statute of limitations from running, *Witte* v. *Gilbert, 10 Neb. 539 ; Wright* v. *West, 2 Lea 78 ; Clark* v. *Trail, 1 Metc. (Ky.) 35 ; Oliver* v. *Berry, 53 Me. 206 ; Oldham* v. *Oldham, 5 Jones Eq. 89 ; Sanford* v. *Sanford, 62 N. Y. 553 ; Dicken* v. *Johnson, 7 Ga. 484 ; Combs* v. *Beatty, 3 Bush 613 ; Fairweather* v. *McMonagle, 6 Allen (N. B.) 297 ; Potts* v. *Hines, 57 Miss. 735 ; Little* v. *Downing, 37 N. H. 355 ; Dodge* v. *Cole, 97 Ill. 338 ; Rutherford* v. *Folger, Spen. 304.*

How far the English statutes, in regard to the control and disposition of lunatics' lands etc. *(17 Edw. II. c. 9 and 43 Geo. III. c. 75),* have been recognized in this country, see *Berry* v. *Rogers, 2 B. Mon. 309 ; Latham* v. *Wiswall, 2 Ired. Eq 298 ; Latham's Case, 4 Ired. Eq. 234 ; Barker's Case, 2 Johns. Ch. 237 ; Gorham* v. *Gorham, 3 Barb. Ch. 37 ; Brasher* v. *Van Cortlandt, 2 Johns. Ch. 246, 403 ; Eckstein's Case, 1 Pa. L. J. Rep. \*139, \*141, 1 Pars. Eq. 62, 64 ; Lloyd* v. *Hart, 2 Pa St. 478 ; Wright's Appeal, 8 Pa. St. 59 ; Salisbury's Case, 3 Johns. Ch. 348 ; Dodge* v. *Cole, 97 Ill. 341.*—REP.

which it exists, the doctrine of equitable conversion is not applicable. *Oberle* v. *Lerch, 3 C. E. Gr. 346.* Whether the doctrine applies here or not, depends on whether the deceased was or was not capable, after the conversion, of converting the property or of accepting the money, or recognizing the property, or giving it character in the shape it then had ; in other words, whether she was, from the time of the conversion to her death, of unsound mind, so as to be incapable of managing her estate. As before stated, she was never so declared by virtue of any commission, and it is proved that she was, except on one subject, perfectly sane, and that she sought to get the money, and was indignant that it was kept away from her by having been paid into court. If she was sane at any time after the conversion had been made, and after she was entitled to the money, the doctrine of equitable conversion is not applicable, but the property must go to her legal representatives according to the shape in which it existed at her death : that is, it must be regarded as money for the purpose of transmission. In *The matter of Wharton, 5 De G. M. & G. 33*, where a lunatic's heir had died also a lunatic, and without having elected to take as personalty certain surplus money, the transmission of which to the ancestor as realty was governed by statute, though it was held that the moneys were impressed with the character of realty, it appeared that the heir had never, at any time, been capable of taking the surplus money as personalty. In *Ex parte Flamank, 1 Sim. (N. S.) 260*, the money paid into court by a railway company for land taken under the lands clauses act, from a person who was in a state of mental imbecility, and who continued so till his death, but was not the subject of a commission of lunacy, was, after his death, ordered not to be re-invested in, or considered as land, but to be paid to his personal representatives. In the case in hand, it does not appear that Mrs. Livesey was not capable of managing her estate, and therefore of electing to receive the money as such. On the facts, then, the administrator is entitled to the fund.