STATE OF NEBRASKA, APPELLANT, V. FRANK BARKER,
APPELLEE.

FILED JUNE 12, 1907.   No. 15,257.

APPEAL from the district court for Lancaster county:
EDWARD P. HOLMES, JUDGE. *Affirmed.*

*W. T. Thompson, Attorney General,* for appellant.

*Francis G. Hamer,* contra.

PER CURIAM.

The record shows that upon evidence before the judge
of the district court he found that the defendant appears
to be insane, and thereupon ordered that the question
of his sanity be submitted to a jury pursuant to sections
454, 551 and succeeding sections of the criminal code.
Under these statutes the inquiry as to the sanity of the
convict is committed largely to the discretion of the judge
of the district court of the county in which the peniten-
tiary is located and to whom the application is made.  In
his discretion he has power to stay the execution of the
sentence, when the proper investigation as to the sanity
of the convict makes such stay absolutely necessary, and
must by proper order at the hearing, if the convict is
found to be sane, fix the precise limits of such stay of
execution.

The order of the district court complained of is there-
fore

AFFIRMED.

The following opinion was filed July 12, 1907:

1. Criminal Law: STAY OF EXECUTION: SANITY OF CONVICT. Upon the
hearing of an application under section 551 of the criminal code,
the judge may stay execution of sentence, when such stay is
absolutely necessary in order that the investigation required by
statute shall be had.  The necessity for such stay is to be deter-

mined by the judge before whom the application is pending, in the exercise of a sound legal discretion.

2. ———: SENTENCE, SUSPENSION OF. The sentence is not vacated by such stay. The execution thereof is suspended until the day named in the order of stay.

SEDGWICK, C. J.

The defendant Barker is confined in the penitentiary under sentence of death for a capital offense. The reprieve granted by the governor being about to expire, the defendant's attorney applied to one of the judges of the district court for Lancaster county for an investigation as to defendant's sanity. The judge ordered an investigation, and that a jury be called for that purpose, and therefore on the application of defendant's attorney continued the hearing to a day beyond the day fixed for execution, and ordered the execution to be stayed until further order. Upon the hearing in this court the jurisdiction and power of the judge to stay the execution was the principal question discussed, and the action of the judge in that regard was sustained. We will confine this discussion to a statement of the ground of this holding, without considering the method by which the proceedings were brought to this court, or other questions of practice which may be supposed to be presented by this record.

In a former appeal to this court by the defendant (*Barker v. State*, 75 Neb. 289), it was said that "the judge should, upon proper information of that fact, and a *prima facie* showing that the convict is insane, investigate the matter for himself so far as to determine whether the convict appears to be insane, and, if he finds that he does so appear, then it would be his duty to impanel a jury to try the question of insanity." The rule of the common law was quoted as stated by Mr. Chitty. This rule has been substantially enacted in section 454 of our criminal code, which was cited in *Walker v. State*, 46 Neb. 25. In that case it was pointed out that these proceedings are not applicable when "the alleged insanity or lunacy is claimed to have been in existence before trial upon information is

begun." Upon the former appeal herein it was said that, when the application is made without the concurrence of the warden of the penitentiary, the judge to whom the application is made is not required to order a jury for the investigation of the matter, unless he finds that there are sufficient appearances of insanity to warrant him in so doing. The matter is left to the discretion of the judge to whom the application is made. If the application is manifestly made for purposes of delay, it should not be allowed to have that result. If the judge is satisfied that the convict appears to be insane, he should order an investigation by a jury. It was insisted by the attorney general on the argument that in this case the judge unnecessarily continued the hearing, and that his order staying the execution was erroneous. We did not consider that we had power to interfere upon these grounds. From the nature of the case, the matter must be committed to the discretion of the judge to whom the application is made. Nothing should be allowed to delay the proceedings, so as to require a stay of execution, unless absolutely unavoidable. But the power of the judge to stay the execution, when the investigation cannot be had without such stay, is not doubted. Section 454, *supra*, contains these words: "In case the punishment be capital, the execution thereof shall be stayed," and the power of the judge before whom the application is pending to stay the execution is necessarily implied from his power to make an investigation, which would be prevented without such stay. It was argued that no method is provided by the statute for resentence, and so justice would be thwarted if execution were stayed. But the sentence is not vacated; its execution is suspended to a time to be fixed in the order of the court by which it is stayed, and at the time so fixed it will be executed, as it would have been at the expiration of the governor's reprieve if no stay had been ordered by the judge.

For these reasons, we declined to interfere with the proceedings before the judge of the district court.