IN RE ALLEN VINCENT GRAMMER.
ALLEN VINCENT GRAMMER, APPELLANT, v. W. T. FENTON, APPELLEE.

FILED JUNE 19, 1920. No. 21497.

1. Criminal Law: INSANITY OF FELON: TRIAL BY COMMISSION. Section 9098, Rev. St. 1913, providing that, if a person convicted of a capital offense is thought to have become insane, he should be entitled to a jury trial to determine that question, has been repealed by implication by section 9212, Rev. St. 1913, which provides for a commission in the place of a jury.

2. ———: ———: SUSPENSION OF SENTENCE. To entitle a person, convicted of a capital offense, to a suspension of sentence under section 9212, Rev. St. 1913, it must appear that he has become insane, not in some slight or peculiar or classical degree, but that his state of mind and mental condition are such that he does not understand, and is incapable of understanding, the nature of the

proceeding against him and of his impending fate and execution, and is unable, in a rational manner, to offer a defense or make objection to execution.

3. ———: ———: SUFFICIENCY OF PETITION. Where a proceeding is brought to determine the sanity of a person convicted of a capital offense, and no attempt is made to set out in the petition substantive facts or other allegations, showing such a degree of insanity as is contemplated by the statute, the petition is demurrable, and, where no other showing is seasonably made or offered that such insanity exists, the proceeding may be dismissed.

4. ———: FRIVOLOUS APPEAL. Where an appeal appears to be based upon a proceeding having no apparent substantive foundation, and operates only to create delay, without protecting substantive rights, it may be dismissed as frivolous.

APPEAL from the district court for Howard county: JAMES R. HANNA and BAYARD H. PAINE, JUDGES. *Motion to stay execution overruled and appeal dismissed.*

*Sterling F. Mutz* and *Clinton J. Campbell,* for appellant.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

FLANSBURG, J.

Application was made to the district court for Howard county on February 6, 1920, petitioning the court to impanel a jury and determine the mental condition of defendant Grammer. Demurrer was filed to this petition on the same day, and on that day the demurrer to the petition was sustained and the action dismissed. Motion was made for leave to file an amended petition within ten days, and praying that the order of dismissal be set aside. It does not appear that any amended petition was tendered, nor that the court was informed what facts the petitioner expected to be able to set up by such amendment, and the motion was, on February 9, overruled. A transcript of these proceedings is attached to the motion to suspend sentence, filed in this court as a showing upon which the suspension of sentence is asked. The stay is sought for the purpose of

allowing a review of the lower court's order, sustaining the demurrer and dismissing the case.

Defendant claims to be entitled to a jury trial under section 9098, Rev. St. 1913. The attorneys for the state, on the other hand, claim that section 9098 has been repealed, and that section 9212, Rev. St. 1913, applies to this case. The former section, above referred to, provided that, in case a person convicted of a capital offense, should be thought to have become insane, he should be entitled to a jury trial to determine that question, and, if found insane, execution should be stayed.

Section 9212, passed in 1901, originally provided that, in case a person convicted of a capital offense should become insane after judgment, the district court for Lancaster county should have sole jurisdiction, and the matter of insanity should be tried to a jury. By the 1909 amendment of this section, it was provided that the matter should be tried in the county where the person was convicted, and that a commission of experts, instead of a jury, should pass upon the question. It would appear that the provision of the statute (section 9212, supra), effected a repeal by implication of the former section (section 9098, supra), since the two provisions of the statute cover the identical subject-matter and are in conflict with each other.

Under this latter statute, the court has held in Barker v. State, 75 Neb. 289, and State v. Barker, 79 Neb. 361, that the district court is the court which has jurisdiction to suspend sentence, and that the matter is committed largely to the discretion of the district judge.

It is argued that the supreme court has no jurisdiction to enter an order suspending sentence in such a proceeding. Though it might seem, by the decision just mentioned, that the matter is left somewhat doubtful, yet we believe the rule to be that this court, when it takes jurisdiction of the case, in which the insanity is tried or sought to be tried, has the right to suspend

In re Grammer.

sentence until the matter can be finally determined, and that such was within the contemplation of the act.

As this case is now presented, there is no showing of fact by the allegations of the petition, admitted by the demurrer, nor by the showing attached to the motion and contained in the transcript, which indicates that the defendant Grammer has become insane since judgment was rendered against him, and it would seem that, until it reasonably appears from the record presented here that he has become insane, this court should not, merely as a matter of course, grant a suspension of sentence, pending the review of a ruling in the matter by the lower court. The court cannot presume that the defendant is insane, but must depend entirely on the showing made, and, if the showing is insufficient to make a *prima facie* case, it would be the manifest duty of this court at this time to refuse to enter an order staying execution.

The petition, filed in the lower court, does not state a cause of action, and does not show that the plaintiff was entitled to the relief sought. The petition states that since the conviction defendant Grammer has become "insane," "as specifically shown by affidavit of Dr. G. E. Williams," attached to the petition. The affidavit referred to states that Doctor Williams feels convinced that the defendant "is and has been *classically* insane." By such allegations as these, it is not shown that Grammer had become insane within the meaning of that term as used in the statute. Why the doctor limited his allegation by the word "classically," and omitted all other statement of fact or description of condition of mind, which might point to the kind or degree of insanity referred to, we are unable to tell. It is apparent, however, that he desired to qualify the term "insanity," and he does not explain what he meant by it.

It is not every degree or kind of insanity which would entitle the petitioner to the relief sought. Generally speaking, insanity, as defined by this court, is not mere imbecility or weakness of mind, however great that may

be. *Witte v. Gilbert,* 10 Neb. 539. In referring to insanity, this court in *Hawe v. State,* 11 Neb. 537, approved a definition stating that the word "insane" means "exhibiting unsoundness of mind; mad; deranged in mind; delirious; distracted." The term insanity, as used in the statute in question, has a clear and well-defined meaning at common law.

Under a statute, very similar to the one in question, it is held in *In re Lang,* 77 N. J. Law, 207: "The statute does not alter the common-law rule that to prevent the execution of such sentences the insanity must be of such character as to render the prisoner incapable of understanding the nature of the proceedings against him, and his impending fate and execution." As pointed out in the case of *Barker v. State,* 75 Neb. 289, the true reason for the rule that a man shall not be executed who becomes insane is not that his execution, in such mental condition, would not be a fit example, but the real reason is that "he is incapable of saying anything in bar of execution, or assigning any error in the judgment." This court in that case states that it was not the purpose of the statute to do away with the definition of insanity as it was understood in such cases at common law. For further discussion of this rule, see *In re Martin,* 34 N. J. Law J. 17.

The defendant, Grammer, before he could reasonably ask a suspension of his execution in this court, should have made a showing here that he has become insane, not in some slight or peculiar or classical degree, but that his state of mind and mental condition are such that he does not understand, and is incapable of understanding the nature of the proceedings against him and of his impending fate and execution, and therefore is unable, in a rational manner, to offer a defense or make objection to execution. The record presented to us is wholly insufficient in its showing of fact in that regard. The petition does not show, nor is it supplemented by any record which shows, that the defendant Grammer is

insane, within the meaning of the statute, as we interpret it.

Though this matter was acted upon in the trial court on February 9, the transcript was not filed here until April 14, and the motion to suspend sentence not until May 28. The attorneys in this case have not argued as to the sufficiency of the petition, evidently intending that those questions in the case should be presented at some later time. It does not appear that they have taken any steps to immediately present the matter on that issue, and, though that matter has not been argued, it appears now that the court is forced to look to the sufficiency of the petition, in order to determine whether a sufficient showing has been made on the part of defendant, Grammer, to support the motion to suspend sentence.

Upon the consideration of this question, it has been necessary for us to look to the merits of the case. We find the petition utterly insufficient. Though some four months have elapsed since its filing, no showing has been offered, other than that Grammer is classically insane. The opinion of the one doctor, without any statement of his observation or facts supporting his opinion, nor indicating what kind or degree of insanity is meant, stands alone as the entire basis of this proceeding. No substantive facts are pleaded. No showing is made of insanity, as evidenced by attendant facts or circumstances. Had such a showing been made in the lower court, the petitioner should have been allowed to amend his petition and have had the opportunity to set it up. He did not, however, disclose the nature of any amendment he desired to make, nor did he file any amended pleading, nor offer any specific amendment, and has not done so up to this time. The trial court was justified in treating the proceeding as frivolous and in dismissing the case. In overruling the motion to allow the petitioner ten days in which to amend, when the nature of the amendment was not disclosed, the court

committed no error. *Camp v. Pollock,* 45 Neb. 771, 776; *Hurlbut v. Proctor,* 88 Neb. 491.

It appears that no substantive rights are protected by this proceeding, and that the only purpose it will serve, should this court entertain it, is to create delay. It is now more than a year since the judgment of Grammer's conviction was sustained by this court and his execution ordered to be carried out. His case, in its different phases, has been before this court numerous times since, and, though execution has been stayed, the repeated efforts of this defendant to gain relief from the judgment and execution have, in each instance, been unsuccessful.

Even though the case here had presented technical errors in the ruling of the trial court, necessitating a reversal, we would have no assurance, from the showing now made, that there is any reasonable probability that a showing of insanity, within the meaning of the statute, could or would be attempted to be made. For some reason, no one, so far, has made a sworn statement of any facts even tending to bear upon that question. This case and the appeal appear from the record to be frivolous and without substantive foundation to support it.

It is therefore ordered that the motion to stay execution be overruled, and the appeal

DISMISSED.