FREDERIC OLIVER *versus* JOSEPH BERRY.

Persons deaf and dumb are *prima facie non compos mentis;* and the statute
of limitations does not run against them, unless they are shown to possess
sufficient intelligence to know and comprehend their legal rights and lia-
bilities.

,ASSUMPSIT on a promissory note given to the plaintiff for
his personal labor in the defendant's saw mill.    Defence, —
statute of limitations.    The plaintiff was proved to have
been deaf and dumb from infancy.    He was able to labor,
but no evidence was offered to prove that he possessed suf-
ficient intelligence to know and comprehend his legal rights
and liabilities.    There was evidence tending to prove that
the defendant had made payments upon the note in suit
within six years before the action was commenced ; but the
jury returned a verdict for the defendant, and the plaintiff's
counsel moved to have the verdict set aside as against evi-
dence.    .

*Gilbert,* for the plaintiff.

*Tallman & Larrabee,* for the defendant.

WALTON, J.—The statute of limitations does not run
against a person deaf and dumb, unless he is shown to pos-
sess sufficient intelligence to know and comprehend his legal
rights and liabilities.    The improved method of educating
such persons, adopted at the present day, develops in them
a higher degree of intelligence than it was formerly sup-
posed they possessed ; but, nevertheless, as the want of
hearing and speech must necessarily prevent a full develop-
ment of their intellectual powers, and place them at a great
disadvantage in their dealings with others, the law throws
around them for their protection the presumption of inca-
pacity to manage their own affairs till the contrary is shown.
This presumption, however, is not conclusive ; it may be
rebutted.    But when a person is shown to have been deaf

and dumb from his birth, it is *prima facie* evidence of incompetency, and unless rebutted must be regarded as establishing it. Such seems to have been the rule of the common law from a very early date. *Brower* v. *Fisher*, 4 Johns. Ch., 441. In this case, Chancellor KENT says that, the presumption is a reasonable one, and that a special examination to repel the inference of imbecility seems always to have been required. Lord HALE refers to the laws of King Alfred as recognizing the doctrine. 1 Hale, P. C., 34. The same rule prevails in the civil law. Justinian's Inst., lib. 1 tit. 23, § 4. See also 1 Greenl. on Ev., § 366, and 2 Kent's Com., 452, (Little & Brown's Ed. 609,) and authorities there cited.

The plaintiff's right to recover in this action seems to have been fully established, unless it was barred by the statute of limitations. The statute of limitations does not apply to an *insane* person, (R. S., c. 81, § 100,) and the words "insane person," as there used, are declared to be applicable to a person *idiotic*, or *non compos mentis*, (R. S., c. 1, § 4, rule 8,) which, as we have already seen, a person deaf and dumb is *prima facie* presumed to be. The plaintiff was shown to have been deaf and dumb from his infancy, and no evidence was offered to show that he possessed sufficient intelligence to know and comprehend his legal rights and liabilities, and thereby rebut the legal presumption of incapacity. The evidence of payments within six years was very strong, and it is difficult to understand why it did not satisfy the jury of the fact. The Court is of opinion that the verdict was clearly wrong.

*Verdict set aside.*—*New trial granted.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and DANFORTH, JJ., concurred.