FRED C. PEASE, PETITIONER FOR HABEAS CORPUS

*vs.*

THOMAS L. FOULKES, SHERIFF OF PISCATAQUIS COUNTY.

Piscataquis.     Opinion August 13, 1929.

*J. S. Williams,* for petitioner.
*Jerome B. Clark,* County Attorney, for State.

Sitting: Wilson, C. J., Deasy, Sturgis, Bassett, Farrington, JJ.

Farrington, J. On February 12, 1929, the petitioner, Fred C. Pease, was arrested on a complaint and warrant issued against him by the Piscataquis Municipal Court, charging him with unlawful possession of ten gallons of mash fit for distillation, and on the same date he was found guilty and was sentenced by the Judge of that Court to a term of six months in jail, and to payment of a fine of five hundred dollars and costs, and in default of payment to serve an additional six months' imprisonment. From this sentence the petitioner appealed and at the March Term of the Supreme Judicial Court for Piscataquis County he pleaded guilty to the offense as set forth in the complaint, and was sentenced by the Presiding Justice on March 21, 1929, to a term of four months in jail and to the payment of the same fine, with the same additional sentence in case of default as in the Municipal Court, and on March 23, 1929, he was committed to the county jail.

On May 1, 1929, he brought his petition for *habeas corpus*, and on May 28, 1929, the Justice before whom the petition was brought, at the request of parties, reserved the case for the Law Court to determine whether upon the foregoing statement of facts, the writ of *habeas corpus* should issue or be denied.

The contention of the petitioner for the writ of *habeas corpus* is that proceedings should have been by indictment and that without an indictment there could be no legal conviction or sentence.

In 1858 (Public Laws, Chap. 33), the Legislature of Maine passed "An Act for the Suppression of drinking houses and tippling shops" which repealed "An Act to restrain and regulate the sale of intoxicating liquors and to prohibit and suppress drinking houses and tippling shops, approved April 7, 1856," and all other inconsistent acts and parts of acts. The Act approved April 7, 1856 (Sec. 26), provided, "Justices of the Peace, and Justices of Municipal and police courts shall have jurisdiction by complaint, of all prosecutions under this act where the penalty provided for the offense can not exceed twenty-dollars, and may try the same and pass sentence thereon. But when the punishment may be by fine exceeding twenty dollars, or by imprisonment, the prosecution

shall be by indictment, and the magistrate aforesaid shall have power upon complaint, in such cases, to examine and bind over, as in other cases of offenses which are subject to indictment."

Sec. 23 of this 1858 repealing law is as follows:

"In matters not otherwise provided for, except prosecutions against common sellers and those for offenses described in the third and tenth sections of this act, Judges of Municipal Courts and police courts, and Justices of the Peace, having jurisdiction in other criminal matters in the places where they reside, shall have jurisdiction by complaint, original and concurrent with the Supreme Judicial Court, of all prosecutions under this Act."

The "third" section referred to in the preceding paragraph provided, on failure to give certain bonds, certain penalties against a person selling within the state any intoxicating liquors manufactured by him within the state, and need not be considered in this case.

The "tenth" section referred to in said paragraph covered drinking houses and tippling shops.

Sec. 2 of the 1858 repealing law provided that "no person shall manufacture any intoxicating liquor, for unlawful sale," and also "Any manufacturer of intoxicating liquors shall be allowed to sell intoxicating liquors manufactured by him within this state, to municipal officers authorized by the act to purchase the same;". There were provisions as to bond.

Under these conditions the Legislature of 1867 (Public Laws, Chap. 130), amended Chap. 33 of the Public Laws of 1858 and among other things provided that the second section of the 1858 Act "shall not authorize the manufacture for sale, of any intoxicating liquors except pure rum and alcohol. The manufacture for sale, of all other kinds of intoxicating liquors, except cider, is hereby prohibited." With knowledge of this change in regard to manufacture, and with the keepers of drinking houses and tippling shops, and the common sellers also in mind, and with knowledge that the 1858 repealing act had greatly enlarged the jurisdiction of municipal and police court judges, the same Legislature (Public Laws, Chap. 130, Sec. 6) provided as follows:

"All prosecutions against persons for manufacturing liquors in violation of law, for keeping drinking houses and tippling shops,

and for being common sellers of intoxicating liquors, shall be by indictment; and in all other prosecutions under this Act, and the Act aforesaid to which this is additional, Judges of the municipal and police courts, Justices of the Peace, and Trial Justices in their respective counties, shall have jurisdiction, by complaint, original and concurrent with the Supreme Judicial Court. All prosecutions in the Supreme Judicial Court shall be by indictment.**"

From 1867, including the Revision of 1916 and to date, there has been no change in the essential language of these statutory provisions as to prosecutions which shall be by indictment, now found in Chap. 127, Revised Statutes, Sec. 40, as amended.

The Legislature of 1921 (Chap. 62), amended Sec. 17 of Chap. 127, Revised Statutes, which formerly read, "Whoever manufactures for sale any intoxicating liquor, except cider, and whoever sells any intoxicating liquor manufactured by him in this state, except cider, shall be imprisoned for two months and fined one thousand dollars." to provide that "whoever manufactures or attempts to manufacture any intoxicating liquors except cider, and whoever has in his possession any wort or mash fit for distillation or for the production of distilled spirits, or has in his possession any worm, still or other device for the purpose of manufacturing intoxicating liquors, shall be imprisoned for two months and fined one thousand dollars; and said wort, mash, worm, still or other device shall be seized by any officer having authority to seize intoxicating liquors and shall be declared forfeited by the Court *or magistrate having cognizance of the case,* and ordered destroyed."

The language of this amendment suggests that it was clearly in the minds of its framers that, as to the new offenses included, all prosecutions under that section were not to be by indictment, as is evidenced by the reference as to "magistrates having cognizance of the case."

The Legislature of 1923 (Chap. 162) added another amendment to Sec. 17 but made no changes except as to fine and term of imprisonment and in adding certain provisions as to use of alcohol in manufacture of flavoring extracts.

Sec. 40 of Chap. 127, Revised Statutes, was amended in 1923 (Chap. 51) to make provision in regard to the penal sum of a recognizance, but no change was made in the language relating to

what prosecutions should be by indictment, and the essential provisions are as follows:

"Prosecutions for manufacturing liquors in violation of law, for keeping drinking-houses and tippling-shops, and for being common sellers of intoxicating liquors, shall be by indictment; but in all other prosecutions under this chapter, except when otherwise expressly provided, judges of municipal and police courts and trial justices have by complaint, jurisdiction, original and concurrent with the supreme judicial and superior courts. All prosecutions in the supreme judicial and superior courts shall be by indictment."

Thus the same Legislature of 1923, which passed the last amendment to Sec. 17, also made the last amendment to Sec. 40, both of which amendments are noted above. If it had been in the Legislative mind that prosecutions for the new offenses created by the amendment to Sec. 17 should be by indictment, it is reasonable to suppose that Sec. 40 would have been amended accordingly. The fact that no such amendment was made, coupled with the language already referred to in the amendment of Sec. 17, "*or magistrate having cognizance of the case*" compels the conclusion that while the new offenses were included in the section relating to the manufacture of intoxicating liquors, and while they may be regarded as related to and connected with the manufacture of intoxicating liquors, they nevertheless constitute separate and distinct offenses, just as the manufacturing or attempting to manufacture are two separate and distinct offenses. Sec. 40 refers to "Prosecutions *for manufacturing* liquors" and to no other offense under the amended Sec. 17.

The petitioner was not charged with manufacturing liquors in violation of law, nor with keeping drinking houses and tippling shops, nor with being a common seller of intoxicating liquors, in all of which cases prosecutions must, under the plain meaning of the Statute, be by indictment.

The offense with which he was charged was that he "unlawfully did have in his possession a certain quantity of mash fit for distillation**."

In interpreting and construing statutes the first consideration is to ascertain and give effect to the intention of the Legislature, but when the language of a Statute is plain and unambiguous and

conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction, and the statute must be given its plain and obvious meaning. *State* v. *Frederickson,* 101 Me., 37 ; In re Bergeron, 220 Mass., 472.

The current of authority at the present day is in favor of reading Statutes according to the natural and most obvious import of the language without resorting to subtle and forced constructions for the purpose of either limiting or extending their operation. (21 R. C. L., Sec. 217 at page 962.)

The natural and reasonable construction of Sec. 40 of Chap. 127, Revised Statutes, as amended, leads to but one conclusion, that it was the clear intent that prosecution by indictment should be required only in the cases clearly and specifically set out, and that, except when otherwise expressly provided, Judges of Municipal and Police Courts and trial justices should by complaint have jurisdiction, original and concurrent with the Supreme Judicial and Superior Courts.

The plain and obvious meaning of Sec. 40 leads to the same conclusion. As the problems of the prohibitory law increased amendments were passed which added new crimes and new penalties but at no time does there appear any purpose or intent or any language which could be fairly construed to add to the list of those in which prosecution should be by indictment.

There being no express provision otherwise, the Piscataquis Municipal Court had original jurisdiction on the complaint in this case over the offense with which the petitioner was charged, and his sentence and commitment was with full authority of law. The writ of *Habeas Corpus* should be denied.

*Writ denied.*