Any residuum of the estate is left to Mrs. S. B. Gatchell.

*Bill sustained.*
*Decree accordingly.*

STATE OF MAINE *vs.* THEODORE R. JONES.

Cumberland.        Opinion, May 2, 1935.

*Walter M. Tapley, Jr.*, County Attorney for the State.
*Robinson & Richardson*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J.   Report upon agreed statement of facts. In the Municipal Court of Portland, the respondent, a contract carrier as defined in P. L. 1933, Ch. 259, Sec. 5, was found guilty of operation of his motor truck without permit as therein required. He appealed to the Superior Court, from which Court this report comes.

It appears that at the time of the alleged violation of the statute, the respondent, resident of Yarmouth, while under contract with the Pejepscot Paper Company of Topsham, had been and was then using his truck for the transportation of coal from Portland to Topsham. "His practice . . . was to drive his truck from his residence to Portland, over the public highway known as Highway Route No. 1, a distance of less than fifteen miles; load the truck at Randall & McAllister's coal pockets, and return over the same highway to Yarmouth, and thence over the public highways to the plant of the Pejepscot Paper Company at Topsham, a distance of less than fifteen miles from his residence. The plant of the Pejepscot Paper Comany is twenty-eight miles from the loading point in Portland." He had no permit from the Public Utilities Commission.

The only question before the Court is whether or not the respondent comes within the exemption as stated in Section 10 of said Chapter 259, which reads:

"There shall be exempted from the provisions of the foregoing sections 2 to 9, inclusive, (1) motor vehicles operating exclusively within the limits of a single city or incorporated town or within fifteen miles of the limits thereof; . . ."

This section of the statute creates three exempted zones, and one who trucks exclusively in any one of them need have no such permit.

Webster's New International Dictionary, Second Edition, page

1434, defines "limit" as "a boundary or boundary line . . . as the limits of a town."

"Limit means boundary, border, the outer line of a thing, and nothing else, except when used to convey the idea of restraint." *Casler* v. *Connecticut Mutual Life Ins. Co.*, 22 N. Y., 427, 431; *Words and Phrases*, First Ed., Vol. 5, page 4164.

As this respondent exclusively operated his truck within fifteen miles of some point in a boundary line of the Town of Yarmouth, he came within the exemption.

The words in said Section 10 are plain and unambiguous and "contain clear and definite meaning." When such is the case, "there is no occasion for resorting to the rules of statutory interpretation and construction, and the statute must be given its plain and obvious meaning." *Pease* v. *Foulkes*, 128 Me., 293, 298, 147 A., 212, 214; *Van Oss* v. *Petroleum Co.*, 113 Me., 180, 194, 93 A., 72; *Tremblay* v. *Murphy*, 111 Me., 38, 46, 88 A., 55.

The entry must be,

*Complaint dismissed.*