**In re BELGRADE SHORES, INC.**

Supreme Judicial Court of Maine.

June 11, 1976.

———◆———

Sandy & Sandy by Robert E. Sandy, Jr., Waterville, for appellants.

Marden, Dubord, Bernier & Chandler by Alton C. Stevens, Waterville, for Belgrade Shores.

Gregory W. Sample, Staff Atty. Dept. of Atty. Gen., Augusta, for Bd. of Environmental Protection.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, JJ.

DUFRESNE, Chief Justice.

By order of August 20, 1975 the Board of Environmental Protection (the Board) granted the application of Belgrade Shores, Inc. (Belgrade) requesting approval of its proposed subdivision development plan of Hoyt Island. Except for lots thirty-four (34) and thirty-eight (38), the Board authorized the partition of the Island for development purposes into fifty-five (55) lots subject to certain stated conditions.

As conceded by the appellees, the appellants John P. Gawler and Everett P. Pope are owners of property abutting or near the site of the proposed subdivision. It is further admitted that the Board made its findings of fact and rendered its order of approval without a hearing despite the prior written objections of the appellants who had requested that a public hearing be held prior to decision.

The appellants designated the following portions of the record as the complete record for review pursuant to 38 M.R.S.A., § 487:

1. The document entitled "Application for Project Approval Under the Site Location of Development Law," submitted to the Department of Environmental Protection by Belgrade Shores, Inc., Applicant, on July 9, 1975, and identified as Application No. 81–2255–11030;

2. The document entitled "In the Matter of Belgrade Shores, Inc., Belgrade, Maine, Hoyt Island Subdivision, # 81–2255–11030—Findings of Fact and Order," entered by the Board of Environmental Protection on August 20, 1975.

The appellee Board, pursuant to Rule 74(a), M.R.Civ.P., filed a counter designation of additional portions of the record consisting of stated documents submitted by Belgrade to the Department of Environmental Protection with its application, plus a number of other specified documents prepared by, for, or at the request of the Department or submitted to it subsequent to the filing by Belgrade of its application, but prior to August 20, 1975, the date of the Board's order.

The appellants object to, and move to strike, the Board's designation of additional contents of the record on appeal, and especially the second portion thereof more particularly identified as part 2, paragraphs (a) to (r), both inclusive. The motion to strike will be granted in part.

The judicial review section of the statute (38 M.R.S.A., § 487) provides as follows:

"*Any person aggrieved* by any order of the Board of Environmental Protection, pursuant to this Article *may* within 30 days after notice of such order, *appeal* therefrom to the Supreme Judicial Court pursuant to the provisions of Rule 73(f) of the Maine Rules of Civil Procedure. *The proceedings shall not be de novo. Review shall be limited to the application, the record of any hearing before and the order of the board.* The court shall decide whether the board acted regularly and within the scope of its authority, and whether the order is sup-

ported by substantial evidence, and on the basis of such decision may enter judgment affirming or nullifying such determination." (Emphasis supplied)

The issue before us is one of interpretation of the statutory terms "the application" and "the record of any hearing before . . . the board" to which judicial review of the proceedings of the Board of Environmental Protection is limited.

Section 487 of chapter 38 was first construed in *King Resources Company v. Environmental Improvement Commission,* 1970, Me., 270 A.2d 863, where this Court ruled that any appeal from an order of the Environmental Improvement Commission must be to the Supreme Judicial Court sitting as the Law Court. The fact that the statutory review was limited to the *record of the hearing before the Commission* and was expressly stated not to be a "de novo" proceeding highly influenced the Court's determination that the Legislature intended such appeals to be to the Law Court.

In construing certain sections of the Site Location of Development Law, this Court said in *In Re Spring Valley Development,* 1973, Me., 300 A.2d 736, quoting from *King Resources,* supra, that

"Such a construction ought to be put upon a statute as may best answer the intention which the Legislators had in view, and when determinable and ascertained, the courts must give effect to it. . . ."

The Court further stated in *Spring Valley:*

"In seeking the legislative intent we turn first to the language which the lawmakers chose to use to carry out their purpose."

█ Furthermore, we must bear in mind that the right of appeal is not a constitutional right, but rather a legislative allowance subject to such restrictions, limita-

tions and conditions as the Legislature may attach to it. *Portland Pipe Line Corporation v. Environmental Improvement Commission,* 1973, Me., 307 A.2d 1, at 15; *Harrington v. Harrington,* 1970, Me., 269 A.2d 310, 314.

█ Also, in order to perceive true legislative intent in relation to any particular section of a statute, consideration must be given to the whole system of which the section at issue forms a part and all legislation on the same subject matter must be viewed in its overall entirety so that an harmonious result presumably intended by the Legislature may be reached. *Finks v. Maine State Highway Commission,* 1974, Me., 328 A.2d 791, 795.

Section 487 of chapter 38 was originally enacted by the One Hundred and Fourth Legislature and became effective May 9, 1970. See Public Laws, 1969, c. 571, s. 2. It provided as follows:

"Any person, with respect to whose development the commission has issued an order after hearing pursuant to section 484 may *within 30 days after notice* of such order, appeal therefrom to the Supreme Judicial Court. Notice of such appeal shall be given by the appellant to the commission. The proceedings shall not be de novo. *Review shall be limited to the record of the hearing before* and the order of *the commission.* The court shall decide whether the commission acted regularly and within the scope of its authority, and whether the order is supported by substantial evidence, and on the basis of such decision may enter judgment affirming or nullifying such determination." (Emphasis added)

The record of the hearing before the commission to which the review on appeal is limited has necessary reference to the type of hearing provided by section 484 which states, in pertinent part, that

"[a]t such hearing the commission shall solicit and receive testimony to deter-

mine whether such development will in fact substantially affect the environment or pose a threat to the public's health, safety or general welfare.

\* \* \* \* \* \*

At hearings held under this section the burden shall be upon the person proposing the development to affirmatively demonstrate to the commission that each of the criteria for approval listed in the preceding paragraphs have been met, and that the public's health, safety and general welfare will be adequately protected.

\* \* \* \* \* \*

A complete verbatim transcript shall be made of all hearings held pursuant to this section."

A hearing under the 1969 law was necessary, if the commission did not approve the proposed location of the development. Section 483 provided:

"Any person intending to construct or operate a development which may substantially affect local environment shall, before commencing construction or operation, notify the commission in writing of his intent and of the nature and location of such development. The commission shall within 14 days of receipt of such notification, either approve the proposed location or schedule a hearing thereon in the manner hereinafter provided."

Thus, it is clear that under the 1969 law the record of the hearing before the commission to which review on appeal was limited consisted of the evidence introduced at the various hearings held by the commission following receipt of the owner's notification of his proposed development. Investigatory data developed by the commission staff prior to hearing was no part of the "record of the hearing" unless made a part thereof at the hearing.

Chapter 613, section 4 of the Public Laws, 1971, amended the prior law by compelling the developer's notice of intent to be accompanied by "such information as the commission may by regulation require." Furthermore, the powers of the commission were enlarged to the extent that the commission shall . . .

"either approve the proposed development, upon such terms and conditions as are appropriate and reasonable, or disapprove the proposed development setting forth the reasons therefor or schedule a hearing thereon in the manner hereinafter provided."

The amendment further provided:

"Any person as to whose development the commission has issued an order without a hearing may request, in writing, within 30 days after notice, a hearing before the commission. Such request shall set forth, in detail, the findings and conclusions of the commission to which such person objects, the bases of such objections and the nature of the relief requested. Upon receipt of such request, the commission shall schedule and hold a hearing limited to the matters set forth in such request. . . ."

With this legislation in the background, the lawmakers amended section 487 to read

"*Any person aggrieved* by any order of the Board of Environmental Protection . . . may . . . appeal . . . . The proceedings shall not be de novo. Review shall be limited to the *application*, the record of any hearing before and the order of the board. . . . " (Emphasis inserted)

Under Public Laws, Spec.Sess.1972, chapter 618, section 15, which created the *Department* of Environmental Protection, the Legislature provided that

"[a]ll regulations currently in effect and operation in any board, commission or department referred to in this Act shall continue in effect unless in conflict with

this Act, until rescinded or changed according to law.

'Regulation' shall include, but is not limited to, any regulation, rule, order, *administrative procedure*, authorization, permit, license or agreement." (Emphasis provided)

It is not disputed by the appellants that Belgrade's application to the Board of Environmental Protection under the Site Location of Development Law was the proper official vehicle to initiate the administrative procedure to secure the Board's approval of a proposed subdivision development. Pursuant to 38 M.R.S.A., § 483, the application requires that the applicant furnish with the application certain information which the Board deems necessary for its consideration in relation to the approval or disapproval of the proposed project.

The developer's written application submitted to the Board, describing, as it must, the nature and location of the proposed development, together with such information as may be furnished in response to the inquiries contained in the official form, it seems clear to this Court, serves as the developer's notice of intent to construct or operate a development required under 38 M.R.S.A., § 483 and constitutes the "application" within the meaning of section 487 of title 38 M.R.S.A. All investigatory data obtained by the Board following the filing of the application are neither part of the application nor of the record, if the Board approves or disapproves the proposed development without a hearing. The record must be made at a hearing.

If the Legislature had intended to use the term "application" in the broad sweep contended for by the appellee Board and had wanted to corral within it all the information generated by the staff which the Board employs to process any application, plus such additional reports and communications as may be obtained and received through means other than from the applicant's filed responses to the original application, it would seem that the Legislature would have so indicated expressly. The lawmakers have in other areas of environmental protection law spelled out the specifics where they feared too narrow an interpretation of legislative terms. See 38 M.R.S.A., §§ 361, 361–C, 415.

Where there is no manifest legislative intent contrariwise, statutes must be read according to the natural import of the terms used without resorting to subtle and forced constructions for the purpose of either limiting or extending their operation. *Frost v. Lucey*, 1967, Me., 231 A.2d 441, 446; *Pease v. Foulkes*, 1929, 128 Me. 293, 298, 147 A. 212.

The appellee Board contends that the statutory plan of review of Board decisions reached without a hearing would be frustrated unless the term "application" be construed to include all information gathered in the course of processing the original application. It is true that the common meaning of the words of a statute will not control its construction as against a broader or more narrow interpretation in the face of a need for such expanded or restricted intendment to implement a clear legislative policy. See *Finks v. Maine State Highway Commission*, 1974, Me., 328 A.2d 791.

But the statute explicitly mandates upon the Board, when it does determine to hold a hearing, to solicit and receive testimony upon the project's impact on the environment, the economy, and the public's health, safety or general welfare. Most of this information would already be available to the Board if the application within the meaning of 38 M.R.S.A., § 487 were construed to encompass all the information gathered by the Board prior to hearing. We view this legislative precept as an indication on the part of the lawmakers that the term "application" was used in a more narrow sense than contended for by the Board.

We are aware of 1 M.R.S.A., § 404–A(1) and (2), which reads as follows:

"Decisions

1. Written record. *Every state,* quasi-state, county, municipal and quasi-municipal office, *agency, department,* bureau, district, commission or other entity thereof, hereinafter in this subchapter called 'agency,' *shall make a written record of every decision* involving the approval, granting or denial of an application, license, certificate or any other type of permit. Such written record or a copy thereof shall be kept by the agency and made available to any interested member of the public who may wish to review it.

2. Denial. *Whenever an agency* denies approval of an application submitted to it, or denies a license, certificate or any other type of permit, or *issues its approval* or grants such license, certificate or any other type of permit *upon conditions* not otherwise specifically required by the statute, ordinance or regulation pursuant to which the approval or granting is issued, *the agency shall set forth the reason or reasons for its decision and make findings of fact, in writing, sufficient to apprise the applicant and any interested member of the public of the basis for such decision.*" (Emphasis added)

This legislation was enacted at the same session and became effective at the same time as the amendment of section 487 of title 38, M.R.S.A. to its present formulation. See Public Laws, 1973, c. 433, s. 2.

We note that the written record imposed upon state agencies by the reference legislation relates only to the decision itself and requires the filing of reasons for the decision and the findings of fact in support thereof. This law does not purport to make any of the informational data received by the agency in the course of processing any application the written record for purposes of judicial review. Such written record of the decision, reasons and findings, as required under this law, is for the purpose of personal review by the applicant and any interested member of the public who may wish to review it.

We take this opportunity to point out to the Legislature that we perceive no rational basis for having different appellate procedures in appeals under 38 M.R.S.A., § 415 which have to do with cases involving the protection and improvement of the waters of the State and pollution control in relation thereto and appeals under 38 M.R.S.A., § 487 which concern orders of the Board of Environmental Protection respecting site location of land developments.

Under section 415 a dual appellate procedure is provided: 1) Where there is a hearing before the agency and a transcript of the hearing is available, the appeal is to the Superior Court and the appellate review is limited to the record consisting of true copies of the transcript of the hearing, the exhibits and the decision involved, with an express legislative mandate that the proceedings shall not be de novo; 2) where there is no hearing before the agency or a transcript of the record of the hearing is unavailable, then the appeal must be taken pursuant to Rule 80B of the Maine Rules of Civil Procedure, which, as provided in said Rule, is to the Superior Court, the appellate review being "de novo" only in the sense that the Superior Court may hear "new evidence," subject to the limitation that such "new evidence" received in the Superior Court must relate to the limited issue of the reasonableness of the administrative decision. See *Frank v. Assessors of Skowhegan,* 1974, Me., 329 A.2d 167, 171.

■ Unfortunately, no such dual appellate procedure is provided under 38 M.R.S.A., § 487 for a parallel situation. The appeal process pursuant to 38 M.R.S.A., § 487 is misdirected to the Law Court which was not intended to be, and is not, a court of original fact-finding jurisdiction.

■ In conclusion, we rule that, when the Legislature in section 487 limited judicial review of an order of the Board of

Environmental Protection to the *application, the record of any hearing before the board* and *the order* of the board, the lawmakers used the term "application" in its ordinary meaning of the written form filed with the board to secure approval of the developer's proposed project, conjoined with the information submitted with the request for approval and in support thereof. Information or evidentiary matters thereafter procured and received by the board in processing the application form no part of the record for consideration on appeal unless made so as part of the record of a hearing before the board.

The entry will be

Appellants' motion to strike is granted only to the extent that the designation of additional contents of record on appeal by the Board and Department of Environmental Protection and more specifically identified in said designation as part 2, paragraphs (a) to (r), both inclusive, shall be stricken as prayed for.

So ordered.

All Justices concurring.

WEATHERBEE, J., sat at argument and participated in consultation, but died before the opinion was adopted.

DELAHANTY, J., did not sit.