**Lisa GOODINE et al.**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Argued Nov. 10, 1983.

Decided Dec. 19, 1983.

---

**7.** We do not suggest that a bond could not be required in lieu of a license fee or as the practical equivalent of such a fee.

Merle C. Rideout, Jr., Ricky L. Brunette (orally), Portland, for plaintiffs.

Geoffrey K. Cummings (orally), Dept. of Transp., Augusta, for defendants.

Charles A. Lane (orally), Portland, for City of Portland.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

The Plaintiffs, Lisa and Susan Goodine, appeal from an order of the Superior Court (Cumberland County) dismissing their complaint against the Defendants, the State of Maine and the City of Portland, under the Maine Tort Claims Act, 14 M.R.S.A. § 8104(4), and against the City under the highway defect statute, 23 M.R.S.A. § 3655, for injuries sustained in a motor vehicle accident on Route I–295 at Tukey's Bridge in Portland. We conclude that the action was properly dismissed as to the State but not as to the City.

The mishap occurred on February 18, 1982, when an automobile in which the Plaintiffs were passengers struck a disabled vehicle in the northbound lane of Interstate 295 at Tukey's Bridge, careened across the highway and plunged over the snow-covered guardrail on the east side of the bridge into the harbor some fifty feet below. The Plaintiffs allege in their complaint that the Defendants' negligence in plowing Interstate 295 caused snow and ice to accumulate along the guardrail at the edge of the bridge, thereby transforming it into an icy ramp which, rather than containing the automobile safely within the roadway, actually propelled it over the embankment, rendering both the mishap and the Plaintiffs' injuries far more serious than they otherwise would have been.

Section 8104(4) is one of the express statutory exceptions to the general rule of governmental immunity from tort claims set forth in 14 M.R.S.A. § 8103(1) (1980).[1] As such, it must be narrowly construed. *Clockedile v. State Department of Transportation,* 437 A.2d 187, 189 (Me.1981). It provides that governmental entities shall be liable for negligent acts or omissions causing property damage or personal injury in instances:

> *Arising out of and occurring during the performance of construction, street cleaning or repair operations* on any highway, ... [or] bridge ... including appurtenances necessary for the control of such ways including but not limited to ... guardrails.

(Emphasis added). The Plaintiffs contend that the term "street cleaning" in a general sense encompasses clearing the streets of ice and snow. We do not agree.

Words such as these which are not expressly defined in the statute must be given their plain and natural meaning and should be construed according to their natural import in common and approved usage. *Town of Arundel v. Swain,* 374 A.2d 317, 320 (Me.1977), *citing Moyer v. Board of Zoning Appeals,* 233 A.2d 311, 317 (Me. 1967). The term "street cleaning" is commonly understood to mean the removal of debris which is generated by pedestrian and vehicle traffic at all times of the year. Snow plowing, on the other hand, denotes the clearing (not cleaning) of snow and ice from the main portion of the roadway in order to create a lane of travel for motor vehicles.[2] This distinction is as apparent to the citizens of Maine as it is to the Legislature which refers explicitly to the function of "snow removal" in a number of other statutory provisions. *See, e.g.,* 23 M.R.S.A. §§ 1001, 1003, 1007, 1010, 3201 (1980 & Supp. 1982–1983). The Legislature's failure to employ the same phrase in this instance evinces a clear intent to exclude snow removal functions from the scope of liability under section 8104(4).[3] We decline in this case to adopt a forced construction of section 8104(4) which would extend its operation beyond what the Legislature intended and in clear contravention of the plain meaning of its terms. *See In re Belgrade Shores, Inc.,* 359 A.2d 59, 63 (Me.1976). Accordingly, we conclude that the Superior Court was correct in dismissing the Plaintiffs' complaint against the City and the State under 14 M.R.S.A. § 8104(4).

Moving on to the second ground upon which the Plaintiffs assert their claim for relief, 23 M.R.S.A. § 3655 (Supp.1982–1983) authorizes recovery from a county or town by any person who receives bodily injury or property damage "through *any defect or want of repair or sufficient railing* in any highway, ... or bridge." (Emphasis added). The Plaintiffs here allege that the build-up of snow and ice rendered the guardrail on Tukey's Bridge ineffective and insufficient to contain a vehicle within the

---

1. 14 M.R.S.A. § 8103(1) states in pertinent part:

   Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages.

   By way of illustration, section 8103(2)(J) further provides that governmental entities shall not be liable for any claim which results from: Any defect, lack of repair or lack of sufficient railing in any highway, town way, ... [or] bridge, ... including appurtenances necessary for the control of such ways including but not limited to ... guardrails, except as provided in section 8104, subsection 4, and in Title 23, section 3655.

2. State and municipal officials are not required to clean the streets of snow and ice, but merely to plow and sand the roads, removing the snow to the outside edges of the shoulders. *See* 23 M.R.S.A. §§ 1001, 1003 (Supp.1982–1983).

3. The Legislature has expressly exempted the State and municipalities from liability "for accidents while the road surface is covered with snow or ice." 23 M.R.S.A. § 1005–A(1) (Supp. 1982–1983). Although not directly applicable to the facts of this case, the enactment of such a provision is further evidence of the Legislature's intent to preserve governmental immunity from claims such as the Plaintiffs' given that it is impossible, even with proper snow removal procedures, to eliminate hazardous winter driving conditions in Maine.

roadway. Such an allegation clearly states a claim under section 3655 upon which relief can be granted. Indeed, in *Thorbjohnson v. Rockland-Rockport Lime Co., Inc.,* 309 A.2d 240 (Me.1973), we declared that the sufficiency of a guardrail presents an issue for determination by the fact finder.[4] That issue was presented by the Plaintiffs on the facts alleged. Their complaint, therefore, against the City under section 3655 should not have been dismissed.

The entry is:

Judgment of dismissal affirmed as to the Defendant, State of Maine, and vacated as to the Defendant, City of Portland.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

4. We need not decide, and we intimate no opinion whatsoever, as to whether improper plowing alone might render the guardrail insufficient.