**Dorothy CHASSE**

v.

**Denis MAZEROLLE.**

Supreme Judicial Court of Maine.

Argued Sept. 4, 1990.
Decided Sept. 25, 1990.

Judson Esty–Kendall (orally), Pine Tree Legal Assistance, Inc., Bangor, for plaintiff.

Philip K. Clarke (orally) and Jules L. Mogul, Gross, Minsky, Mogul & Singal, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

ROBERTS, Justice.

Dorothy Chasse appeals from a summary judgment in favor of defendant Denis Mazerolle, M.D. entered in Superior Court (Penobscot County, *Browne, J.*) on Chasse's claim that she was wrongfully sterilized. Chasse contends that the court misconstrued the requirements of 34 M.R.S.A. § 2461 (1964) by concluding that there was no causal relationship between Mazerolle's failure to comply with the statute and the harm alleged in the complaint. Because we agree that summary judgment was inappropriate, we vacate the judgment.

In 1973 Dorothy Chasse was a nineteen year old retarded woman living with her

parents. They believed Chasse was sexually active and feared that she would become pregnant. Chasse's mother requested that Mazerolle perform a sterilization procedure known as a bilateral tubal ligation on Chasse. The doctor performed the operation on June 21, 1973 at the Cary Medical Center in Caribou without the consultation then required by section 2461.

The former statutory procedure,[1] applicable to Chasse's case, required Mazerolle to "call a council of two registered medical practitioners, one a physician and one a surgeon ... to examine the individual recommended for operation." These consulting physicians were to determine whether the patient was "mentally capable of giving ... consent." If the consultants found the patient incapable of giving consent, the statute required that they obtain the consent of the patient's nearest relative or guardian. In addition, the consultants were to determine whether "the operation [would] prevent further propagation of mental deficiency" or whether "the physical or mental condition of [the patient would] be substantially benefited." 34 M.R.S.A. § 2461.

Chasse's notice of claim in 1987 and her complaint in 1988 were filed against Mazerolle and Cary Medical Center. The complaint against the hospital was dismissed on Chasse's motion. Thereafter, Mazerolle moved for and obtained a summary judgment in his favor. He contended and the court agreed that the admitted incompetency of Chasse in 1973 established that consultation would not have led to any different determination and, thus, his failure to follow the statute was not a cause of harm to Chasse. Mazerolle made no mention of the statute's other requirements in his motion for summary judgment and both parties focused on the issue as he framed it.

■ Chasse concedes that she was not competent to give her consent to the sterilization. Her concession makes clear that Mazerolle's failure to follow the statutory procedure had no impact on the issue of competency. Chasse contends, nevertheless, that the record is devoid of any evidence that her sterilization was "indicated for the prevention of the reproduction of further feeblemindedness, or for the therapeutic treatment of certain forms of mental disease." 34 M.R.S.A. § 2461. We agree. There simply is no basis in the record for the court to determine whether compliance with the statutory procedure would have resulted in a determination that sterilization was indicated for either genetic or therapeutic reasons.

■ We consider an issue raised and preserved if there was sufficient basis in the record to alert the court and any opposing party to the existence of that issue. Contrary to Mazerolle's contention, the issues of genetic or therapeutic necessity for Chasse's sterilization were not raised for the first time on appeal. Chasse's complaint contained separate and distinct allegations based on section 2461. Paragraph 11 stated that the statute governs nonconsensual sterilization when indicated for genetic reasons or for therapeutic treatment of mental disease. Paragraph 12 stated that the statute mandates the procedure for determining the *advisability* of sterilization as well as mental competency and the procedure for obtaining *proper* consent. Paragraphs 13 and 14 alleged that Mazerolle failed to comply with the statute and failed to obtain *proper* consent. Paragraph 15 alleged Chasse suffered injury as a result of Mazerolle's failure to obtain the informed consent.

Although these allegations were neither free from ambiguity nor the focus of argument before the Superior Court, we conclude that they fairly alerted Mazerolle and the court to the gravamen of Chasse's complaint. She did not rely solely on the failure to obtain the informed consent of an admittedly incompetent patient. Rather, she complained that Mazerolle's failure to obtain *proper* consent, i.e. in compliance with section 2461, caused her injury. Moreover, she explicitly cited the necessity

---

1. The statute was repealed by P.L.1983, c. 459, eff. Jan. 15, 1984, and replaced by the Due Process in Sterilization Act of 1982, which is currently found at 34–B M.R.S.A. §§ 7001–17 (1988).

for determining the statutory *advisability*, i.e. genetic or therapeutic indications, as well as determining her mental competency. The tactic of Mazerolle's counsel in focusing exclusively on competency cannot delete from either the complaint or the statute all reference to genetic or therapeutic considerations.

██ Finally, Mazerolle argues in the alternative that the judgment may be upheld on the ground that Chasse's claim is barred by the statute of limitations, 14 M.R.S.A. § 753 (1980).[2] He acknowledges that persons under disability when the cause of action accrued may bring an action within the time limited after the disability is removed, 14 M.R.S.A. § 853 (1980 and Supp. 1989). Mazerolle contends, however, that evidence of Chasse's marriage and divorce more than two years prior to the filing of her claim preclude her claim of mental disability. Such evidence, however, gives no indication that Chasse possessed sufficient competence to comprehend and exercise her legal rights in the circumstances of this case. Because the legal standard of competency varies for different purposes, we reject Mazerolle's contention. See *Inhabitants of St. George v. City of Biddeford,* 76 Me. 593 (1885); *Oliver v. Berry,* 53 Me. 206, 207 (1865). We conclude that the present record does not preclude the existence of a genuine issue of fact material to the application of section 853.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

2. Replaced as to medical malpractice by P.L. 1985, c. 804 (applicable only to actions commenced on or after August 1, 1988).