Dorothy CHASSE

v.

Denis MAZEROLLE.

Supreme Judicial Court of Maine.

Argued Feb. 2, 1993.
Decided April 9, 1993.

Justin Esty–Kendall (orally), Frank D'Alessandro, Pine Tree Legal Assistance, Presque Isle, for plaintiff.

Philip K. Clarke (orally), Jules L. Mogul, Gross, Minsky, Mogul & Singal, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Plaintiff Dorothy Chasse appeals from an order of the Superior Court (Penobscot County, *Chandler, J.*) dismissing her action for medical malpractice against defendant Denis Mazerolle. Plaintiff contends that the court erred by granting a summary judgment because a genuine issue of fact remains whether defendant proximately caused an improper sterilization. We agree, and we vacate the judgment.

This case is before us for the second time on an appeal of a summary judgment for defendant. *See Chasse v. Mazerolle,* 580 A.2d 155 (Me.1990). The facts as developed for purposes of summary judgment are: In 1973 defendant sterilized plaintiff, a nineteen-year-old woman, by performing a bilateral tubal ligation at Caribou Medical Center in Caribou. Although plaintiff acknowledges that she was not competent to give informed consent to the sterilization, defendant failed to follow the remaining procedures set forth in 34 M.R.S.A. § 2461 (1965).[1] The statute in effect at that time required that the physician (1) find that sterilization "may be indicated for the prevention of the reproduction of further feeblemindedness, or for the therapeutic treatment of certain forms of mental disease;" (2) obtain, in cases of the patient's incompetency to give informed consent, the written consent of the nearest relative or guardian; and (3) convene a council of two medical practitioners to determine if the steriliza-

tion will "prevent the further propagation of mental deficiency, or ... the physical or mental condition of [the patient would] be substantially benefitted...." Plaintiff filed a medical malpractice action against defendant.

The Superior Court first granted a summary judgment to defendant on the basis that plaintiff's mental incompetency in 1973 established that compliance with the statute would not have led to a different outcome; therefore, defendant's failure to adhere to the statute was not a cause of harm to plaintiff. We vacated that summary judgment after concluding that the record contained no basis for finding whether compliance with the statutory procedure would have resulted in a determination that sterilization was warranted. *Chasse v. Mazerolle,* 580 A.2d at 156.

On remand, defendant moved again for a summary judgment and, attempting to address the defect in the prior judgment, supported his motion with an affidavit from an orthopedic surgeon stating that he was familiar with the statutory standards and that a consulting physician and surgeon "would have recommended that sterilization of Ms. Chasse proceed, as it would have been in her best interests, based on her physical and mental condition." Plaintiff opposed the motion only with a memorandum of law and a statement of disputed facts that restated and cited her pleadings. The Superior Court granted defendant's

---

1. The statute, repealed in 1984 and replaced by 34–B M.R.S.A. §§ 7001–17 (1988), read, in pertinent part, as follows:

When either of the recognized sterilizing operations referred to may be indicated for the prevention of the reproduction of further feeblemindedness, or for the therapeutic treatment of certain forms of mental disease, physicians may recommend to the nearest relative, guardian and affected individual the advisability and necessity of such operation. When the written consent of the patient, when mentally competent to give such consent or the written consent of the nearest relative or guardian when the patient is mentally incompetent to give such consent, is given, the physician shall call a council of 2 registered medical practitioners, one a physician and one a surgeon, of not less than 5 years' practice and not related to the patient, whose duty it shall be in conjunction with the physician in

charge of the case, to examine the individual recommended for operation. Whether the person to be operated upon is mentally capable of giving his consent shall be decided by the consultants and stated in writing, with their reasons therefor, and such written statement shall be kept on file at the Pineland Center and in case they find that the patient is mentally incapable of giving his consent, the consent of the nearest relative or guardian must be secured. If in the judgment of the consulting physicians the operation will prevent the further propagation of mental deficiency, or if in the judgment of the medical consultants the physical or mental condition of any such person will be substantially benefitted thereby, then the consultants shall select a competent surgeon to perform the operation....

34 M.R.S.A. § 2461 (1965).

**1182**

motion for summary judgment. The court found that plaintiff did not generate a question whether defendant proximately caused plaintiff's injury because she did not file opposing expert affidavits on the issue of causation. This appeal followed.

■ Plaintiff contends that the affidavit filed by defendant did not dispose of the proximate cause issue. In particular, she argues that a genuine issue remains whether sterilization in her case was indicated in the first instance for either of the reasons specified in the statute. Plaintiff also contends that the affidavit submitted on defendant's behalf is insufficient because it refers to plaintiff's "best interest" rather than the statutory standard; namely, whether sterilization would substantially benefit plaintiff's physical or mental condition. Finally, plaintiff argues that she is not obligated to provide expert testimony in this medical malpractice action because all the elements of her claim are sufficiently obvious as to lie within common knowledge. We review for error of law, viewing the evidence in the light most favorable to the party against whom a summary judgment was granted. *H.E.P. Development Group Inc. v. Nelson*, 606 A.2d 774, 775 (Me.1992).

■ Because the affidavit of defendant's expert witness was unopposed by plaintiff, the facts in that affidavit must be accepted. M.R.Civ.P. 56(e); *Farrell v. Theriault*, 464 A.2d 188, 193 (Me.1983). Although the affidavit established that one surgeon would have authorized sterilization had he been named to a council of two medical practitioners, it fails to address whether sterilization was indicated in the first instance. Unless defendant found that sterilization was indicated for the prevention of feeblemindedness or the therapeutic treatment of mental disease, there would have been no occasion to obtain parental consent and convene a council of medical practitioners. The issue of proximate cause, as a matter of law, remains unresolved.

■ Plaintiff *does not require* expert testimony to make a prima facie case on these facts. Expert testimony ordinarily is required in medical malpractice actions to establish the appropriate standard of medical care, that the defendant departed from that standard, and that defendant's conduct was the proximate cause of the injury. *Forbes v. Osteopathic Hosp. of Maine*, 552 A.2d 16, 17 (Me.1988). An exception is made, however, "where the negligence and harmful results are sufficiently obvious as to lie within common knowledge." *Id.* In the present case, it is undisputed that defendant performed the sterilization procedure. The statute establishes the standard of care, and it is undisputed that defendant failed to comply with that standard. For purposes of resolving the motion for a summary judgment, no expert testimony was required.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.