**Staceylee CARLSON, Plaintiff,**

v.

**Ronald Kermit RICE, and Leona Rice, Defendants.**

**Civ. No. 93–61–P–C.**

United States District Court, D. Maine.

Sept. 22, 1993.

Jack H. Simmons, Berman & Simmons, P.A., Lewiston, ME, for plaintiff.

Bruce C. Gerrity, Preti, Flaherty, Beliveau & Pachios, Augusta, ME, for defendants.

*MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS*

GENE CARTER, Chief Judge.

■ This action was instituted by Plaintiff, Staceylee Carlson, alleging that during the early 1970s, when Plaintiff was a minor, she was subjected to repeated sexual abuse by Defendant Ronald Kermit Rice, her father, and that Defendant Leona Rice, her mother, failed to protect her from this sexual abuse. Presently pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1] (Docket No. 13). Specifically, Defendants contend that Plaintiff's action is barred by the applicable statutes of limitations.[2] As discussed below, the Court finds that the Complaint raises the possibility that the statutes of limitations were tolled pursuant to state law. *See* 14 M.R.S.A. § 853. Therefore, the Court will deny the Motion to Dismiss.

■ To resolve Defendants' Motion to Dismiss, the Court must accept as true all factual allegations in the Complaint, construe them in favor of Plaintiff, and decide whether, as a matter of law, Plaintiff could prove no set of facts which would entitle her to relief. *See Roeder v. Alpha Industries, Inc.,* 814 F.2d 22, 25 (1st Cir.1987); *Gott v. Simpson,* 745 F.Supp. 765, 768 (D.Me.1990).

The Complaint (Docket No. 1) herein was filed on March 19, 1993. Plaintiff contends that the applicable statute of limitations was tolled by her mental illness and that the Complaint is not barred.

■ The allegations in the Complaint which are relevant to resolving this motion are as follows. Beginning in the early 1970s and continuing throughout Plaintiff's minority, Defendant Ronald K. Rice "repeatedly violated Plaintiff's bodily integrity in a continuing pattern of gross sexual abuse." Complaint ¶¶ 6-7. Defendant Leona Rice, Plaintiff's mother, "was aware or, in the exercise of reasonable care should have been aware, of the ... sexual abuse" but did not intervene. *Id.* at ¶¶ 22-23. Plaintiff further alleges that:

> As a direct result of the repeated assaults the Plaintiff has experienced emotional and mental distress, pain and suffering, impaired earning ability, and has incurred and will continue to incur substantial medical bills and expenses. Also she has experienced ... permanently impaired health, ability to engage in usual activities, and a normal life and growth.

*Id.* at ¶ 12. Finally, the Complaint alleges that on or about November of 1991 Plaintiff began experiencing flashbacks relating to the repeated sexual abuse of which she had previously repressed all memory. *Id.* at ¶ 10.

Plaintiff contends that these allegations, taken as true and construed in the light most favorable to Plaintiff, lend sufficient support to her claim that the statute of limitations was tolled by reason of mental illness to create an issue of fact in that respect. Maine law provides:

> If a person entitled to bring any of the actions under sections 752 to 754, ... is a minor, mentally ill, imprisoned or without the limits of the United States when the cause of action accrues, the action may be

1. Plaintiff's counsel has submitted three affidavits (Docket nos. 16, 17 and 23) in addition to the Complaint and has requested that the Motion to Dismiss be converted into a Motion for Summary Judgment. However, it is within the Court's discretion whether to consider these materials in deciding the pending motion. The Court declines to do so. *See* Fed.R.Civ.P. 12(b)(6), *Whiting v. Maiolini,* 921 F.2d 5 (1st Cir.1990); *see also* A. Wright & C. Miller, Vol. 5A *Federal Practice and Procedure,* § 1366, at 491 (1990 & 1993 Supp.) ("The court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.").

2. Jurisdiction in this action is based on diversity. The Plaintiff is a resident of Kansas, and the Defendants reside in Maine. The action is based on incidents which allegedly occurred in North Dakota, Washington, and Michigan. As a choice-of-law matter Maine courts apply the Maine statute of limitations. *Hossler v. Barry,* 403 A.2d 762, 765 (Me.1979). As a federal court sitting in diversity, we are bound to follow the same choice-of-law rule. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).

brought within the times limited herein after the disability is removed.

14 M.R.S.A. § 853. The Court concludes that the Plaintiff could potentially prove facts consistent with her allegations of severe emotional distress, repression of memory, and impairment of ability to engage in normal activities which indicate that she was not competent "to comprehend and exercise [her] legal rights." *Chasse v. Mazerolle*, 580 A.2d 155, 157 (Me.1990).[3]

Whether Plaintiff was, in fact, disabled within the meaning of section 853 is a question which cannot be resolved on a motion to dismiss. Defendants' motion can be granted only if the Court determines that Plaintiff could prove "no set of facts" which would entitle Plaintiff to relief. This is not the case in the present action.[4]

Because Plaintiff may prove that she suffered under the disability of mental illness until November of 1991 the Court must determine whether Plaintiff's action is within the applicable statutes of limitations if the time for commencing the action began to run in November of 1991.

Count I of the action states a cause of action for assault and battery, which is subject to a two-year statute of limitations. 14 M.R.S.A. § 753. Counts II, III, and IV allege intentional and negligent infliction of emotional distress and are subject to a six-year statute of limitations. 14 M.R.S.A. § 752. This action, commenced in March of 1993, was well within both the two-year statute of limitations which applies to the first count, and the six-year statute of limitations which applies to Counts II, III, and IV.

Accordingly, it is hereby *ORDERED* that Defendant's Motion to Dismiss be, and it is hereby, *DENIED*.

---

3. It should be noted that the Court does not rely on the allegations of repressed memory alone in reaching its decision on this motion.

4. Since the Court finds that the Motion to Dismiss must be denied because the allegations are sufficient to suggest that the statute of limitations may be tolled due to mental illness, the court finds it unnecessary to reach the question of whether the discovery provision in 14 M.R.S.A. § 752–C applies to this case.